**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



EVELYN YESENIA NAVARRO DIAZ; Y. I. B. N.,

               Petitioners,

  v.

TODD BLANCHE, Acting Attorney General,

               Respondent.

No. 25-5716

Agency Nos.
A249-095-946
A249-095-947

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Leader Petitioner Evelyn Yesenia Navarro Diaz and Rider Petitioner

Y. I. B. N. (collectively, "Petitioners"), natives and citizens of El Salvador, petition

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted Petitioners' unopposed motion to submit this case on the briefs and record. *See* Dkt. No. 24.

Petitioners' appeal from an order of an Immigration Judge ("IJ") denying Lead Petitioner's claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and Rider Petitioner's derivative claim for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (citation omitted). We review the agency's legal determinations de novo and the agency's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted).

1. To be eligible for asylum, a petitioner must show that they "qualify as a refugee either because [they have] suffered past persecution or because [they have] a well-founded fear of future persecution" on account of race, religion,

---

[1] Under the Immigration and Nationality Act ("INA"), children as defined under 8 U.S.C. § 1101(b)(1) may assert derivative asylum claims. *See* 8 U.S.C. § 1158(b)(3). The INA does not provide for derivative withholding claims, nor do the CAT implementing regulations provide for derivative claims for CAT protection. *See* 8 U.S.C. § 1231(b)(3) (not providing derivative relief for withholding claims); 8 C.F.R. § 1208.16(c) (not providing derivative relief under CAT); *see also Oscar v. Bondi*, 135 F.4th 777, 779 n.1 (9th Cir. 2025).

nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 1208.13(b). Petitioners did not assert before the agency that Lead Petitioner suffered any past persecution. Instead, Petitioners argued before the agency that Lead Petitioner had a "well-founded fear of future persecution" based on (1) "Imputed Political Opinion" and (2) membership in a particular social group comprised of "Salvadoran persons with tattoos."

Substantial evidence supports the agency's determination that Lead Petitioner did not establish a well-founded fear of future persecution. First, Petitioners failed to demonstrate that any political opinion would be imputed to Lead Petitioner because of her non-gang affiliated tattoos, which depict butterflies, family names, and the phrases "love yourself" and "always together." Lead Petitioner did not claim that she holds a political opinion or that her tattoos have a political meaning. Furthermore, Petitioners failed to provide any "credible, direct, and specific evidence" that Lead Petitioner faced "an individualized risk of persecution" as a result of her tattoos. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1198 (9th Cir. 2023) (internal quotation marks and citation omitted).

Second, the agency properly determined that "Salvadoran persons with tattoos" is not a cognizable social group because the group is not sufficiently particularized and socially distinct. *See Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that tattooed gang members did not constitute a cognizable

social group).

Finally, to the extent that Petitioners seek to assert "narrower" particular social groups, such as "Salvadoran residents with visible tattoos whom the state, under the state of exception, presumes to be gang members and subjects to arrest and imprisonment on that basis," "Salvadoran women with visible tattoos perceived as gang members under the state of exception," or "Salvadoran deportees from the United States with visible tattoos whom authorities view as criminals or gang-affiliated," these arguments were not exhausted before the agency and we may not consider them. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion, while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised).[2]

Because Petitioners failed to demonstrate a likelihood of persecution or a well-founded fear of persecution, Petitioners necessarily failed to meet the more

---

[2]    Petitioners likewise failed to exhaust their arguments that (1) the agency failed to consider whether they established a pattern or practice of persecution against similarly situated individuals; (2) the IJ ignored that Lead Petitioner's gender compounds her risk under the state of exception; (3) Lead Petitioner "responded to the crackdown [under the state of exception] by sharply restricting her movements and avoiding public exposure because of her tattoos"; and (4) the agency did not consider Lead Petitioner's claim within the context of Salvadoran society and that Lead Petitioner expressed opposition to gangs and the state of exception. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar*, 69 F.4th at 550.

stringent "clear probability" of persecution standard for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

2. Substantial evidence supports the agency's determination that Lead Petitioner is ineligible for CAT protection. Lead Petitioner was not previously threatened or harmed while in El Salvador, and Petitioners offered only generalized evidence of country conditions. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence is insufficient for establishing eligibility for CAT protection). Accordingly, the record evidence does not compel the conclusion that Lead Petitioner is more likely than not to be tortured with the consent or acquiescence of the Salvadoran government if removed to El Salvador. *See Ruiz-Colmenares*, 25 F.4th at 748.

Petitioners' argument that the BIA failed to "meaningfully address" Lead Petitioner's CAT claim is meritless. The BIA properly found "[n]o clear error" with the IJ's determination that it is not "more likely than not" that Lead Petitioner will be tortured if removed to El Salvador. Furthermore, the BIA considered "the entirety of the record" in reaching its decision. The BIA need not "write an exegesis on every contention," nor did the BIA err in its CAT analysis. *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004).

3. Petitioners argue that the BIA failed to "meaningfully consider" Y. I. B. N.'s separate application for asylum, withholding of removal, and

5                                        25-5716

protection under CAT. We are unable to review this claim because Petitioners have not administratively exhausted it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.